8013072000016142

```
Doc ID: 123CS1110003000
RAMSEY COUNTY CHILD SUPPORT AND COLLECTIONS
121 SEVENTH PLACE E, STE 4500
ST PAUL MN 55101

TELEPHONE: 651-266-3344
```



```
        IVAN BROWN
        269 REAVES RD
        WOODBURY GA 30293-3397
```

11/02/2016

RE: Ivan Brown
SSN: 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
Case: 001469546601

## Notice of Levy

> This information is available in accessible formats for individuals with disabilities by calling
> 651-431-4199, toll free 800-657-3954, or by using your preferred relay service.
> For other information on disability rights and protections, contact the agency's ADA coordinator.

## Purpose
This notice tells you
* We took action to seize your financial account(s) at Bank Of America Na.
* How to contest (challenge) this action.
* How you can prevent future levies.

## Notice
You are at least five times past due in paying your total court-ordered child support, or maintenance
payments, or both. You have not obeyed a written payment agreement to pay your monthly support or
maintenance payments, or both. Under Minnesota Statute, Chapters 518, 518A and 552, you have met the
criteria to have your account seized.

The levy (amount we intend to collect from your account) is $72,279.61.

## Exemptions
You must complete and personally serve Ramsey with the Claim of Exemption form no later than 20
calendar days from the date this notice was postmarked. All or a portion of the funds in your account may
be exempt (excused) from a support judgment levy if:

* You are receiving relief based on need. This includes: Minnesota Family Investment Program
  (MFIP), Emergency Assistance (EA), General Assistance (GA), General Assistance Medical
  Care (GAMC), Emergency General Assistance (EGA), Work Readiness, Minnesota
  Supplemental Aid (MSA), MSA Emergency Assistance (MSA-EA), and Supplemental



**DEPARTMENT OF VETERANS AFFAIRS**
Atlanta Regional Office
PO Box 100021
Decatur GA  30031-7021

In Reply Refer To: 316/21/PD3/BJC
CSS 573 51 1960
BROWN, IVAN

IVAN BROWN
PO BOX 960219
RIVERDALE, GA 30296

Dear Mr. Brown:

We made a decision on the claim for an apportionment of your VA compensation, which we received from Lachaela M. Brown on behalf of Navi Brown on January 31, 2011.

This letter tells you what we decided and the evidence used to decide your claim.  We have also included information about what to do if you disagree with our decision, and who to contact if you have questions or need assistance.

## Your Award Amount and Payment Change Date

Your monthly entitlement amount is shown below:

| Total VA Benefit | Amount Withheld | Amount Paid | Effective Date | Reason For Change |
|---|---|---|---|---|
| $2,774.00 | $200.00 | $2,574.00 | Feb 1, 2011 | Allotment Adjustment (Apportionment Granted for Navi) |
| 2,873.00 | 200.00 | 2,673.00 | Dec 1, 2011 | Cost of Living Adjustment |
| 2,769.00 | 0.00 | 2,769.00 | Jan 23, 2022 | Minor Child Adjustment (Navi turns 18 years in age and is removed from award) Allotment Adjustment (Apportionment withholding for Navi terminates) |

We are currently paying you as a veteran with one dependent.  Your payment includes an additional amount for your child Navi Brown.  *Let us know right away if there is any change in the status of your dependents.*

## What We Decided

We have granted an apportionment in the total amount of $200.00 monthly to Lachaela M. Brown on behalf of your child Navi Brown effective January 31, 2011 with an effective payment date of February 1, 2011.

The payment of this apportionment may be affected by any of the following:

- Change in dependency status (i.e., death, divorce, marriage of minor, termination of school attendance).
- Change of custody of minor children.
- Change in your disability.
- Change in your income (if receiving pension).

Any new evidence which you would believe would justify a different decision should be sent to us promptly. You may also request a personal hearing on this matter. If you have no further evidence but believe this decision is not correct, please see the attached notice of procedural and appellate rights.

## What Do You Owe?

We have created an overpayment in your account because the information we received showed that you were paid too much. You will receive a separate letter, which will explain how much you were overpaid, and will explain how you can repay this debt.

## Evidence Used to Decide Your Claim

In making our decision, we considered:

- VA Form 21-0788 "Information Regarding Apportionment of Beneficiary's Award) received January 31, 2011 and May 30, 2012

- State of Minnesota Findings of Fact, Conclusions of Law and Order (Court File Number: FA-10-284) received May 12, 2011 and May 30, 2012

- VA Form 21-0820 "Report of General Information" received September 27, 2012 and September 12, 2012 (Information provided by claimant, Lachaela M. Brown and veteran, Ivan Brown)

## What You Should Do If You Disagree With Our Decision

If you have no further evidence but believe this decision is not correct, you also have the right to request a hearing on the matter. Please see the attached notice of procedural and appellate rights. If you think our decision is wrong, you should write and tell us why. The enclosed *VA Form 4107c, "Your Rights to Appeal Our Decision – Contested Claims,"* explains your right to appeal.. A notice of disagreement must be submitted within **60 days** of the date of this letter.

## If You Have Questions or Need Assistance

If you have any questions, you may contact us by telephone, e-mail, or letter.

| If you | Here is what to do. |
|--------|---------------------|
| Telephone | Call us at 1-800-827-1000.  If you use a Telecommunications Device for the Deaf (TDD), the number is 711. |
| Use the Internet | Send electronic inquiries through the Internet at https://iris.va.gov. |
| Write | Put your full name and VA file number on the letter.  Please send all correspondence to the address at the top of this letter. |

In all cases, be sure to refer to your VA file number **573 51 1960**.

If you are looking for general information about benefits and eligibility, you should visit our website at https://www.va.gov, or search the Frequently Asked Questions (FAQs) at https://iris.va.gov.

We sent a copy of this letter to your representative, Disabled American Veterans, whom you can also contact if you have questions or need assistance.

Sincerely,

*Douglas Chapman*

DOUGLAS CHAPMAN
Veterans Service Center Manager

Email us at: https//iris.va.gov

Enclosure:     VA Form 4107c

cc:  DAV

**Department of Veterans Affairs**

## YOUR RIGHTS TO APPEAL OUR DECISION - CONTESTED CLAIMS

After careful and compassionate consideration, a decision has been reached on your claim. If we were not able to grant some or all of the VA benefits you asked for, this form will explain what you can do if you disagree with our decision. If you do not agree with our decision, you may:

- appeal to the Board of Veterans' Appeals (the Board) by telling us you disagree with our decision
- give us evidence we do not already have that may lead us to change our decision

This form will tell you how to appeal to the Board and how to send us more evidence. You can do either one or both of these things.

*NOTE: Please direct all new evidence to the address at the top of our letter. Do not send evidence directly to the Board until you receive written notice from the Board that they received your appeal.*

### WHAT IS AN APPEAL TO THE BOARD OF VETERANS' APPEALS?

An appeal is your formal request that the Board review the evidence in your VA file and review the law that applies to your appeal. The Board can either agree with our decision or change it. The Board can also send your file back to us for more processing before the Board makes its decision.

### HOW CAN I APPEAL THE DECISION?

**How do I start my appeal?** To begin your appeal, write us a letter telling us you disagree with our decision. This letter is called your "Notice of Disagreement." If we denied more than one claim for a benefit (for example, if you claimed compensation for three disabilities and we denied two of them), please tell us in your letter which claims you are appealing. *Send your Notice of Disagreement to the address at the top of our letter.*

**What happens after VA receives my Notice of Disagreement?** We will either grant your claim or send you a Statement of the Case. A Statement of the Case describes the facts, laws, regulations, and reasons that we used to make our decision. We will also send you a VA Form 9, "Appeal to Board of Veterans' Appeals," with the Statement of the Case. You must complete this VA Form 9 and return it to us if you want to continue your appeal.

**How long do I have to start my appeal? You have 60 days to appeal our decision.** *Your* letter saying that you disagree with our decision must be postmarked (or received by us) within 60 days from the date of *our* letter denying you the benefit. In most cases, you cannot appeal a decision after this 60-day period has ended.

**What happens if I do not start my appeal on time?** If you do not start your appeal on time, our decision will become final. Once our decision is final, you cannot get the VA benefit we denied unless you either:

- show that we were clearly wrong to deny the benefit **or**
- send us new evidence that relates to the reason we denied your claim

**Can I get a hearing with the Board?** Yes. If you decide to appeal, the Board will give you a hearing if you want one. The VA Form 9 we will send you with the Statement of the Case has complete information about the kinds of hearings the Board offers and convenient check boxes for requesting a Board hearing. The Board does not require you to have a hearing. It is your choice.

**Where can I find out more about appealing to the Board?**

- You can find a "plain language" booklet called "How Do I Appeal," on the Internet at: http://www.va.gov/vbs/bva/pamphlet.htm. The booklet also may be requested by writing to: Mail Processing Section (014), Board of Veterans' Appeals, 810 Vermont Avenue, NW, Washington, DC 20420.

- You can find the formal rules for appealing to the Board in the Board's Rules of Practice at title 38, Code of Federal Regulations, Part 20. You can find the complete Code of Federal Regulations on the Internet at: http://www.gpoaccess.gov/cfr/index.html. A printed copy of the Code of Federal Regulations may be available at your local law library.

**Can I get someone to help me with my appeal to the Board?** Yes. You can have a veterans' service organization representative, an attorney-at-law, or an "agent" help you with your appeal. But you are not required to have someone represent you. It is your choice.

- Representatives who work for accredited veterans' service organizations know how to prepare and present claims and will represent you. You can find a listing of these organizations on the Internet at: http://www.va.gov/vso.

- A private attorney or an "agent" can also represent you. If applicable, your local bar association may be able to refer you to an attorney with experience in veterans' law. VA only recognizes attorneys who are licensed to practice in the United States or in one of its territories or possessions. An agent is a person who is not a lawyer, but who VA recognizes as being knowledgeable about veterans' law. Contact us if you would like to know if there is a VA accredited agent in your area.

**Do I have to pay someone to help me with my appeal to the Board?** It depends on who helps you. The following explains the differences.

- Veterans' service organizations will represent you for free.

- Attorneys or agents can charge you for helping you under some circumstances. Paying their fees for helping you with your appeal to the Board is your responsibility. If you do hire an attorney or agent to represent you, one of you must send a copy of any fee agreement to the following address within 30 days from the date the agreement is executed: Office of the General Counsel (022D), 810 Vermont Avenue, NW, Washington, DC 20420. *See* 38 C.F.R. 14.636(g). If the fee agreement provides for the direct payment of fees out of past-due benefits, a copy of the agreement must also be filed with us at the address at the top of our letter. *See* 38 C.F.R. 14.636(h)(4).

## CAN I GIVE VA ADDITIONAL EVIDENCE?

Yes. You can send us more evidence to support a claim whether or not you appeal to the Board. **If you want to appeal, though, do not forget the 60-day time limit!**

If you have more evidence to support a claim, it is in your best interest to give us that evidence as soon as you can. We will consider your evidence and let you know whether it changes our decision. Please keep in mind that we can only consider new evidence that: (1) we have not already seen and (2) relates to your claim. You may give us this evidence either in writing or at a personal hearing.

*In writing.* To support your claim, you may send documents and written statements to us at the address on the top of our letter. Tell us in a letter how these documents and statements should change our earlier decision.

*At a personal hearing.* You may request a local hearing with us at any time. This hearing is separate from any Board hearing you might ask for later if you appeal. We do not require you to have one. It is your choice. At this hearing, you may speak, bring witnesses to speak on your behalf, and hand us written evidence. If you want a hearing, send us a letter asking for a hearing. Use the address at the top of our letter. We will then:

- arrange a time and place for the hearing
- provide a room for the hearing
- assign someone to hear your evidence
- make a written record of the hearing

## WHAT HAPPENS AFTER I GIVE VA EVIDENCE?

We will review the record of the hearing and other new evidence, together with the evidence we already have. We will then decide if we can grant your claim. If we cannot grant your claim and you appeal, we will send the new evidence and the record of any local hearing to the Board.

State of Minnes
7/16/2020 8:47 ,

STATE OF MINNESOTA                                        DISTRICT COURT
COUNTY OF RAMSEY                                   SECOND JUDICIAL DISTRICT
                                                       CASE TYPE: DISSOLUTION

In Re the Marriage of:

Lachaela Myretta Brown,                              ORDER GRANTING
                                              CONFIDENTIAL ADDRESS REQUEST
                 Petitioner(s),

  and                                             Court File No. 62-FA-10-284
                                               IV-D Case Number 0014695466-01
Ivan Brown,
                 Respondent,
And

Ramsey County,

                 Intervenor.

        The above-entitled matter came before the undersigned Judicial Officer based upon a
motion by the public authority that the address of the party listed below not be disclosed to the
other party and be treated as confidential in this court file.

        This matter came on for hearing before the undersigned on June 18, 2020.   Based on a
review of the files, affidavit(s), and upon hearing the testimony of the parties presented, and being
fully advised, the court makes the following:

              ORDER GRANTING CONFIDENTIAL ADDRESS REQUEST
                            FINDINGS OF FACT

        1.    Minn. Stat. § 256.87, subd. 8 prohibits the public authority from disclosing to the other
party the location of a participant with a protective order or safety concerns.

        2.    The Petitioner / Lachaela Myretta Brown has alleged safety concerns and requests that
their address not be accessible to the public and the other party.

        3.    The other party does not object to entry of this order.

        4.    The court finds the request to protect the address to be appropriate because the risk of
harm outweighs the presumption of accessibility under the standards established in Minneapolis
Star & Tribune Co. v. Schumacher, 392 N.W. 2d 197, 204 (Minn. 1986).

        Based upon the foregoing Findings  of Fact, the undersigned makes the following:

State of Minnes
7/16/2020 8:47 /

## ORDER

1.   The current address, and any future address, of the Petitioner shall be confidential on this court case until further order of the court. This order does not apply to any other court case or action.

2.   As long as the Petitioner's address remains confidential on this court case and the public authority continues to provide IV-D child support services in this case, should the other party wish to bring a motion or respond to a motion in this case, this order shall eliminate the need for them to obtain an Order Granting Service under Minn. Stat. § 518A.47, subd. 2.   If the requesting party provides the public authority with a copy of the moving papers and this order, the public authority shall serve the child support documents on the party with the confidential address on their behalf.

3.   Parties have a responsibility under Minn. Gen. R. Prac. 13.01, to provide the court with a current address. If the party with the confidential address has a change of address in the future, and the public authority continues to provide IV-D child support services, the public authority must file with the court and on behalf of the party, the Confidential Address Form to update the party's address in this court file.   If the party is no longer receiving IV-D child support services on this case and desires to keep the new address information confidential, the party must file a motion, the Confidential Address Form, and a copy of this order with the court.   No fee shall be collected when submitting change of address information only.

4.   The Petitioner shall promptly inform the court when there no longer is a need to keep the address confidential on this case.

IT IS SO ORDERED.

_Anderson, Ronelle_
_Jul 16 2020 8:45 AM_
Child Support Magistrate

(12/2011)                                    0001605

 # CHILD SUPPORT SERVICES

**Date:** 06/08/2012
**License Number:** 057559093
**NCP IRN:** 405068909

### NOTICE OF INTENT TO DENY OR SUSPEND YOUR DRIVER'S LICENSE

Dear IVAN BROWN:

Our records indicate that your last child support payment was made on    00/00/0000.  However, your total payments are sixty (60) or more days past due.  In accordance with Georgia Law, O.C.G.A. §19-11-9.3, the Division of Child Support Services (DCSS) is authorized to request denial or suspension of any license, certificate, permit or tag registration <u>when the case becomes 60 days past due</u> for failure to comply with an order to pay child support.

If you believe our records are incorrect and wish to avoid further action, contact this office **immediately** for a review of your case.  You have <u>**twenty 20 days**</u> from the date of this Notice to either to pay your delinquency **in full** or execute a written Enforcement Deferral with DCSS.  If you fail to respond to this notice or a payment agreement cannot be reached you will be referred to the licensing agencies for suspension.

### HEARING NOTICE

You have a right to a hearing before an administrative law judge of the Office of State Administrative Hearings.  If you would like a hearing, you must submit a **written request** to the return address located on the front of this notice <u>no later than twenty (20) days from the date of this Notice</u>.  After DCSS receives your request, you will receive a formal notice of hearing from the Office of State Administrative Hearings by regular mail.  DCSS will suspend actions pending the hearing.

If you have any questions, you may call DCSS at 1-877-423-4746.

Division of Child Support Services

SEE REVERSE SIDE FOR OPENING INSTRUCTIONS

2            1          1605/          1605



| PRESORTED |
| FIRST CLASS MAIL |
| U.S. POSTAGE PAID |
| ATLANTA, GA |
| PERMIT NO. 3533 |

DIVISION OF CHILD SUPPORT SERVICES
P.O. BOX 1600
CARROLLTON, GA 30112-1600

**FORWARD SERVICE REQUESTED**

IVAN BROWN
P.O. 960219
RIVERDALE, GA 30296-0219

\* 4 2 7 0 1 0 0 0 1 6 0 5 \*

8013023000009550

Ramsey County Child Support And Collections
121 Seventh Place E, Ste 4500
St Paul MN 55101
Telephone: 651-266-3344 Extn:

**Notice of Right to Garnish Federal Benefits**

Date: 10/27/2016
State Case ID:  001469546601

The attached Notice of Support Judgment Levy was issued by Ramsey County Child Support And
Collections, MN child support enforcement agency, pursuant to authority to attach or seize assets
of noncustodial parents in financial institutions in the State of Minnesota, 42 U.S.C. 666.

Accordingly, the garnishee is hereby notified that the procedures established under 31 CFR Part
212 for identifying and protecting Federal benefits deposited to accounts at financial institutions
do not apply to this Notice of Support Judgment Levy.

The garnishee should comply with the terms of this Notice of Support Judgment Levy, including
instructions for withholding and retaining any funds deposited to any account(s) covered by this
Notice of Support Judgment Levy, pending further order of Ramsey County Child Support And
Collections, MN child support enforcement agency.

*Sec 419 Fed corpation*
*under this law misson did not*
*go thru the federal channel.*

*not Signed*

*2b*

③

# Minnesota Statues 518,518aand 552

- These laws conflict with federal law in title 38 U.SC. 5301(A)(1) and rest if title 38.
- Supremacy Clause
- 
- Article VI, Paragraph 2 of the U.S. Constitution is commonly referred to as the Supremacy Clause.  It establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions. It prohibits states from interfering with the federal government's exercise of its constitutional powers, and from assuming any functions that are exclusively entrusted to the federal government. It does not, however, allow the federal government to review or veto state laws before they take effect.

Minn Statutes 518A.29A/518A.31



# Minnesota Statues

- Minnesota child support law gives the right to count disabled vets benefit as income .

- Minnesota law allows levies from disabled veterans bank accounts(title 38-5301 U.S.C.)

- I have been a victim of laws geared to cause veterans harm. I have suffered from laws that were not for the good of both parties. The laws and lies are all on paper.



# To the Court of Minnesota

- U.S.C. Title 38-5301(a)(1)

1. § 5301. Non-assignability and exempt status of benefits (a) (1) Payments of benefits due or to become due under any law administered by the Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary...

2. VA apportionment Established 2011 (retro payment of 3800) : IRS was never notified of payments sent this was a form fraud (from VA benefit from my payments not a gift)

3. The Credit reporting agency were never notified of payments sent and received , the Child Support of Ramsey county knew full well that is was being paid.

4. I was sent to a local court Clayton county Georgia   April 22,2012 and received judgment 1/23/2013

5. My drivers license was suspended in two states. After knowledge of the apportionment (by Minnesota child support Ramsey County)

6. Ramsey County was contacted April 22nd 2014 about the $200.00 per month apportionment and again on August 20th 2015 $1,087.20 was requested .



June 19 2020



1. Georgia courts were made incompetent by ignoring the orders made and sent to Ramsey County.

2. Double Jeopardy happened when I am being tried again for a case that was decided 1/23/2013.( the 5th Amendment)

3. In that case all my balances where placed at $000.00 dollars (GA)

4. The statement was made on Zoom that the courts not make a judgement, but they did. I am still under those courts orders and again Double Jeopardy .

5. My bank account was levied on 10/27/2016 with a unsigned document.(Nicole Jauquet)

6. 42 U.S.C. 666. was stated as a Minnesota law but its federal and requires use a federal agency to garnish federal money (law will be included)sec 419

8010602408466110



121 SEVENTH PLACE E, STE 4500
ST PAUL MN 55101

IVAN BROWN
131 DOGWOOD LN
WOODBURY GA 30293-2952

DO NOT SEND CASH

| Total Due | Minimum Due | Due Date | Bill Date |
|---|---|---|---|
| 82654.60 | 626.00 | Mar 2019 | 03/01/19 |

State Billing Message

- Billing statements are not issued when support is withheld from your pay.  - For payment options,
go to https://mn.gov/dhs/people-we-serve/children-
and-families/services/child-support/programs-services/payments.jsp. Click
'Making payments' or call 1-800-657-3512 or 651-431-4340. TTY callers may
dial 711 for the Minnesota Relay or use their preferred relay service.
Press 3 for payment options. Contact your child support worker for cash
payment options PayNearMe and MoneyGram.

*Important: We may refer account activity on delinquent cases to credit reporting agencies.*

(Return stub with your remittance)

Return and Pay to
MN CHILD SUPPORT PAYMENT CTR
PO BOX 64326
ST PAUL MN 55164-0326

Payor
IVAN BROWN
131 DOGWOOD LN
WOODBURY GA 30293-2952

| Total Due | Minimum Due | Due Date | Bill Date |
|---|---|---|---|
| 82654.60 | 626.00 | Mar 2019 | 03/01/19 |

| MCI |
|---|
| 0014695464 |

| Amount Enclosed |
|---|
|  |

MCI:0014695464

(PWQQ50 Natural Script)

8012748569075110



121 SEVENTH PLACE E, STE 4500
ST PAUL MN 55101

IVAN BROWN
269 REAVES RD
WOODBURY GA 30293-3397

## DO NOT SEND CASH

| Total Due | Minimum Due | Due Date | Bill Date |
|---|---|---|---|
| 68481.68 | 604.00 | Oct 2017 | 10/01/17 |

### State Billing Message

- For payment information, call 1-800-657-3512 or 651-431-4340. TTY callers may dial 711 for the Minnesota Relay or use their preferred relay service.
- To make a payment online or to get case information go to Minnesota Child Support Online (MCSO) at www.childsupport.dhs.state.mn.us. You can make a payment from your checking or savings account. You will need your participant ID and PIN number to register.
- Contact your Child Support Officer for your participant ID and PIN number.
- General child support information is on the DHS Public Site at www.dhs.state.mn.us.
- Billing statements are not issued if support is withheld from your pay.

*Important: We may refer account activity on delinquent cases to credit reporting agencies.*

(Return stub with your remittance)

Return and Pay to
MN CHILD SUPPORT PAYMENT CTR
PO BOX 64326
ST PAUL MN 55164-0326

Payor
IVAN BROWN
269 REAVES RD
WOODBURY GA 30293-3397

| Total Due | Minimum Due | Due Date | Bill Date |
|---|---|---|---|
| 68481.68 | 604.00 | Oct 2017 | 10/01/17 |

MCI
0014695464

Amount Enclosed

| | | | | | |
|---|---|---|---|---|---|
| | | | | | |

(PWQQ50 Natural Script)

MCI:0014695464                                    -1-



121 SEVENTH PLACE E, STE 4500
ST PAUL MN 55101

IVAN BROWN
269 REAVES RD
WOODBURY GA 30293-3397

DO NOT SEND CASH

| Total Due | Minimum Due | Due Date | Bill Date |
|-----------|-------------|----------|-----------|
| 77629.37 | 913.00 | Feb 2017 | 02/01/17 |

State Billing Message

*Important: We may refer account activity on delinquent cases to credit reporting agencies.*

(Return stub with your remittance)

Return and Pay to
MN CHILD SUPPORT PAYMENT CTR
PO BOX 64326
ST PAUL MN 55164-0326

Payor
IVAN BROWN
269 REAVES RD
WOODBURY GA 30293-3397

| Total Due | Minimum Due | Due Date | Bill Date |
|-----------|-------------|----------|-----------|
| 77629.37 | 913.00 | Feb 2017 | 02/01/17 |

| MCI | Amount Enclosed |
|-----|-----------------|
| 0014695464 | |

(PWQQ50 Natural Script)

MCI:0014695464                    -1-

801356620 9255110

121 SEVENTH PLACE E, STE 4500
ST PAUL MN 55101

IVAN BROWN
269 REAVES RD
WOODBURY GA 30293-3397

## DO NOT SEND CASH

| Total Due | Minimum Due | Due Date | Bill Date |
|-----------|-------------|----------|-----------|
| 75453.51  | 913.00      | Dec 2016 | 12/01/16  |

### State Billing Message

- For payment information, please call 1-800-657-3512 or TTY 1-888-234-1208. - In the Twin Cities metro area call 651-431-4340 or TTY 651-431-4342. - To make a payment online or to get case information go to Minnesota Child Support Online (MCSO) at www.childsupport.dhs.state.mn.us. You can make a payment from your checking or savings account. You will need your participant ID and PIN number to register. - Contact your Child Support Officer for your participant ID and PIN number. - General child support information is on the DHS Public Site at www.dhs.state.mn.us. - Billing statements are not issued if support is withheld from your pay.

*Important: We may refer account activity on delinquent cases to credit reporting agencies.*

(Return stub with your remittance)

Return and Pay to                          Payer
MN CHILD SUPPORT PAYMENT CTR       IVAN BROWN
PO BOX 64326                       269 REAVES RD
ST PAUL MN 55164-0326              WOODBURY GA 30293-3397

| Total Due | Minimum Due | Due Date | Bill Date |
|-----------|-------------|----------|-----------|
| 75453.51  | 913.00      | Dec 2016 | 12/01/16  |

| MCI | Amount Enclosed |
|-----|-----------------|
| 0014695464 | |

(PWQQ50 Natural Script)

MCI:0014695464

-1-



**DHS**
Georgia Department
of Human Services

**DIVISION OF CHILD SUPPORT SERVICES**
DISTRICT ATTORNEYS OFFICE
H R BANKE JUSTICE CENTER
9151 TARA BLVD., RM 3CS01
JONESBORO, GA  30236-4912
Telephone: 1-877-423-4746 (DCSS Contact Center - Toll Free)
Fax: (770) 477-4560

DATE: 01/17/2013

IVAN  BROWN
P.O. 960219
RIVERDALE, GA  30296-

RE: LACHAELA MYRETTA BROWN
CASE NO.: 360023312

Dear Mr(s) BROWN:

[ ]   **Your case has been closed for current support.**

     [ ]  You are no longer required to pay <u>current support</u> payments to the custodian.  However, you are in arrears in the amount of $, including/excluding interest, because of your earlier failure to pay all that was due.  You must continue to pay the amount of $0.00 per  until these arrears are paid in full.  Your child support payments remain subject to the Income Deduction Order and must continue to be deducted and sent to the Family Support Registry pursuant to O.C.G.A.
        §19-6-33.1, unless the custodian's legal representative obtains a new Income Deduction Order directing otherwise.

     [ ]  You are no longer required to pay <u>current support</u> payments to the custodian.  However, you are in arrears in the amount of $, including/excluding interest, because of your earlier failure to pay all that was due.  You must continue to pay the amount of $0.00 per  until these arrears are paid in full.  Your child support payments are not subject to an Income Deduction Order at this time.  Your employer must continue to send payments towards your arrears to the Family Support Registry based on your Income Deduction Order until they are paid in full.

[x]   **Your case has been closed.**

     [ ]  Payments of all arrears and interest, if applicable, have been satisfied.  Your case has been closed.  No further payments are due.  If your child support payments were subject to an Income Deduction Order, your employer has been notified to stop deductions from your paycheck.
     [ ]  Child support payments received by you from ___/___/____ to ___/___/____ are being returned.  We are unable to locate the custodial parent.  This **does not** relieve you from your court-ordered obligation to provide support for your children.
     [ ]  The custodial parent requested that the case be closed.  You remain under an order to pay child support.  Begin paying the custodial parent directly immediately retaining a copy for your records.
     [ ]  The Custodial Parent has provided supporting evidence that opening this case is not in the best interest of the child.

[ ]   **Child(ren) on this case is/are over 18 years old or otherwise emancipated.**

     [ ]  Payments of all arrears and interest, if applicable, have been satisfied.  The child support case with our agency has been closed for collection and enforcement.  If your emancipated child(ren) on this case are covered under a medical insurance plan and are still enrolled in secondary school full-time, you may choose to keep the child(ren) covered or to discontinue such coverage.  If your arrears payments were being paid by an Income Deduction Order, your employer has been notified to stop deductions from your paycheck.
     [ ]  You are in arrears in the amount of $, including/excluding interest, because of your earlier failure to pay all that was due.  You must continue to pay the amount of $0.00 per  until these arrears are paid in full.
     [ ]  There are additional minor children on this support order.  The following block checked applies to this case.
        [ ]  Your court-ordered current support amount has been changed.  Your new current support is 0.00 per .  If your minor children are covered under a medical insurance plan, you must continue that coverage.
     [ ]  Your court-ordered current support remains the same.

[ ]   This case will remain open until all administrative fees owed on the case are **paid in full**.  Our records show there is an outstanding fee balance of $_____, (see attached letter).

Thank you for your cooperation.  If you have any questions, please call the DCSS Contact Center at 1-877-423-4746.

Sincerely,

DIVISION OF CHILD SUPPORT SERVICES

Revised 4/1/2012

Form MAC

# REGISTRATION STATEMENT

Responding IV-D Case Identifier
Responding Tribunal Number

Initiating IV-D Case Identifier 001469546601
Initiating Tribunal Number

Action:   (✓) Register for Enforcement
          ( ) Register for Modification

---

**I. Case Summary**   (Background of this Matter: Court / Administrative Actions)

| Date of Support Order | State & County Issuing Order | Tribunal Case Number |
|---|---|---|
| 02/07/2011 | MINNESOTA / RAMSEY | 62-FA-10-284 |

| Support Amount/ Frequency | Date of Last Payment | Amount of Arrears | Period Computation |
|---|---|---|---|
| $859.00 / MONTH | N/A | $ 14816.65 | 07/01/2010 thru 01/31/2012 |

( ) Tribunal Has Determined This to Be Controlling Order   (✓) Only Order

---

**III. Mother Information**   ( ) Obligor   (X) Obligee

| Full Name (First, Middle, Last) | Address (City, Street, Zip) | Employer/Address (Name, Street, City, Zip) |
|---|---|---|
| Lachaela M Brown | 1105 County Road D E Saint Paul MN 55109-5257 | |

Maiden Name, Alias, Former Married Name, Nickname, etc.

Home Phone (612) 516-8630   (X) Address Confirmed 12/16/2008
Work Phone   ( ) Employer Confirmed
Date/Place of Birth 07/22/1968                    Social Security Number 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

---

**IV. Father Information**   (X) Obligor   ( ) Obligee

| Full Name (First, Middle, Last) | Address (City, Street, Zip) | Employer/Address (Name, Street, City, Zip) |
|---|---|---|
| Ivan Brown | 6997 Cheswick Dr Riverdale GA 30296-2260 | |

Alias, Nickname, etc.

Home Phone (210) 858-9069   (X) Address Confirmed 11/09/2011
Work Phone   ( ) Employer Confirmed
Date/Place of Birth 03/19/1967  Los Angeles, CA      Social Security Number 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

---



### DEPARTMENT OF VETERANS AFFAIRS

August 20, 2015

RAMSEY COUNTY CHILD SUPPORT AND COLLECTIONS    In reply, refer to:
121 SEVENTH PLACE E, STE 4500    316/Core 7/JH
ST PAUL MN  55101    File Number: 573 51 1960
   Ivan Brown
   DOB: March 19, 1967
   SSN: 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

## IMPORTANT -- reply needed

On April 22, 2014, VA received your request for garnishment of the veteran's disability compensation in the amount of $1,087.20.  We are currently apportioning the veteran's disability payment benefits in the amount of $200.00 monthly in support of his child, Navi Brown.

Under *Public Law 95-30*, a Veteran's disability compensation may be garnished in order to pay alimony or child support pursuant to a court order *only* if the Veteran receives disability compensation in lieu of an equal amount of military retired pay, in accordance with a total or partial military retired pay waiver.

If we receive a request for an increased apportionment from the beneficiary, we will consider the request.  We will also consider a garnishment order authorized by a court order.  Any court ordered garnishment order should be forwarded to the appropriate address listed on the attached *Where to Send Your Written Correspondence*.

We will take no further action on this request.

### How Can You Contact Us?

If you are looking for general information about benefits and eligibility, you should visit our web site at http://www.va.gov.  Otherwise, you can contact us in several ways.  Please give us your VA file number, **573 51 1960**, when you do contact us.

- Call us at 1-800-827-1000.  If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-829-4833.
- Send us an inquiry using the Internet at https://iris.va.gov.

You can also send what we need to the appropriate address listed on the attached *Where to Send Your Written Correspondence* chart.

8013023000009250

STATE OF MINNESOTA
COUNTY OF Ramsey

DISTRICT COURT
COURT FILE 62-FA-10-284

Vs.

Ivan Brown
and
Bank Of America Na

# Notice of Support Judgment Levy and Disclosure

   PLEASE TAKE NOTICE that pursuant to Minnesota Statutes, Chapters 518, 518A and 552, the undersigned, as representative of public authority responsible for child support enforcement, makes demand and levies execution upon all money due and owing by you to the judgment debtor for the amount of the judgment specified below. A copy of the notice of support judgment levy is enclosed. The unpaid judgment balance is $72,279.61.

   In responding to this levy, you are to complete the attached disclosure form and mail it to the public authority, together with your check payable to the public authority, for the nonexempt amount owed by you to the judgment debtor or for which you are obligated to the judgment debtor, within the time limits in Chapter 552.

Nicole Jauquet
121 Seventh Place E, Ste 4500
St Paul MN 55101
Telephone: 651-266-3257



Doc ID: 123CS1110002997

(FMIN0001 F5101.007)



STATE OF GEORGIA
DEPARTMENT OF DRIVER SERVICES
CSC NAME : THOMASTON
SUSPENSION DETAIL REPORT
SUSPENSION 1 OF 1

BROWN, IVAN
LICENSE NUM: 057559093

YOUR LICENSE IS SUSPENDED DUE TO LICENSE CANCELLATION

COURT/AGENCY INFORMATION :
EFFECTIVE: 2/3/2016
AGENCY: MINNESOTA SAFETY DRIVER
SAINT PAUL, MN
PHONE: 651-297-5031
VIOLATION: 1/13/2016

REINSTATE ELIGIBLE: 2/3/2016

CITATION #: B650347001207

PROCESSED: 1/13/2016

To avoid cancellation you must complete the following requirements before 02/03/2016:
1. The state of MN has reported that there is a problem with your driving privilege in that state. You must contact MINNESOTA SAFETY DRIVER to clear the problem. The phone number is 651-297-5031. When resolved, contact DDS for verification.

No permit is available for this withdrawal.

To resolve this cancellation you must do the following:
1. The state of MN has reported that there is a problem with your driving privilege in that state. You must contact MINNESOTA SAFETY DRIVER to clear the problem. The phone number is 651-297-5031. When resolved, contact DDS for verification.
2. Wait the required time. You are eligible to reinstate 02/03/2016. **REQUIREMENT MET.**

This information is valid as of 01/13/2017 11:44. It may change depending on updates applied to your driver records. **For more information regarding your account, please visit our web site at (WWW.DDS.GA.GOV).**

State of Minnes
7/16/2020 9:06 ,

STATE OF MINNESOTA
COUNTY OF RAMSEY

DISTRICT COURT
SECOND JUDICIAL DISTRICT
CASE TYPE - DISSOLUTION

In Re the Marriage of:

Lachelle Myretta Brown,

               Petitioner,

and

Ivan Brown,

               Respondent,

and

Ramsey County,

               Intervenor.

FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER
MODIFYING CHILD SUPPORT

Court File No. 62-FA-10-284
IV-D Case No. 0014695466-01

Definitions:  The County means Ramsey County.  The State means the State of Minnesota.  The Petitioner means Lachelle Myretta Brown and the Respondent means Ivan Brown.

The above-entitled matter came on for hearing before Ronelle Anderson, presiding Child Support Magistrate, at Ramsey County on June 18, 2020 pursuant to the County's motion for modification.  The record closed on July 2, 2020.

The Petitioner was present and was not represented by counsel.  The Petitioner's mailing address is confidential.

The Respondent was present and was not represented by counsel. The Respondent's mailing address is 131 Dogwood Ln Woodbury GA 30293.

Sara Lauthen, Assistant County Attorney, appeared on behalf of Ramsey County.  Janelle Kirchner, Child Support Officer, was also present.

The hearing was conducted by Zoom due to the pandemic restrictions currently in place.

The Child Support Magistrate, upon reviewing the files, affidavits and proceedings herein, and upon hearing the testimony of the parties presented, and being fully advised, does hereby make the following:

<u>STATEMENT OF THE ISSUE</u>

The issue in this case is whether the amount of child support should be modified under Minn. Stat. § 518A.39, subd. 2 and, if so, what amount of support is appropriate.

State of Minnes
7/16/2020 9:06 ,

<u>FINDINGS OF FACT</u>

1.   The Petitioner previously received public assistance from the state for the minor child and currently receives non-public assistance child support services.

2.   The County's motion to modify child support was served by mail on April 2, 2020.

3.   The Respondent and the Petitioner are the parents of the following joint child who reside(s) with the Petitioner: Navi Brown, born January 23, 2004. There is no order for parenting time.

4.   The Respondent's birth date is March 19, 1967.  The Petitioner's birth date is July 22, 1968.

5.   The social security numbers of the Respondent, Petitioner, and the joint child are incorporated as stated on Confidential Form 11.1 on file with the Court.

6.   In the prior order dated February 7, 2011 the Respondent was ordered to pay basic support of $550 per month.  With cost of living increases support is now $626 per month.  The Respondent's arrears are substantial. Support charging is the basic support plus 20% towards arrears.

7.   At the time of the prior order the Respondent's gross monthly income was $3072 and the Petitioner's gross monthly income was $1255.

8.   The Respondent receives VA benefits of $3352 per month including the child's separate apportionment is $200 per month.

9.   The Respondent did make arrangements with the VA to send the Petitioner the child's benefits, and the Petitioner and the County acknowledge payment of direct benefits for 107 months, or $21,400.

10.  The record was held open so the Respondent could make a written record as to why he does not believe he owes anything beyond the child's benefit.  The Respondent points to Title 38 Veterans benefits, section 5301 nonassignability and exempt status of benefits.  The Respondent is correct that the State cannot garnish child support from his veteran's benefits.

11.  The Respondent also maintains that the VA decided the apportionment based upon the court orders from 2011. The Court interprets this to mean the VA concluded there was a legal obligation based upon the Court's order.

12.  The Respondent points to the Federal Office of Child Support Enforcement.  He is correct the IVD program is in fact a federal program, which is administered in each State in accordance with each's states law.

13.  Minnesota did attempt to register the order in the State of Georgia for enforcement in 2012.

14.  The Respondent provided a letter date January 17, 2013 from the Division of Child Support Services Jonesboro GA, stating that the case had been closed, as well as an State of Georgia order from January 2013 that states no hearing is required based upon the initiating

jurisdiction closing their case. The Respondent maintains this concludes he has no arrears. The Child Support Officer testified that Minnesota did not ask for the case to close with Georgia, rather Georgia closed the case on its own initiative.

15. The Respondent maintains that Minnesota Law conflicts with the Federal Law, and that the federal law, in accordance with the Supremacy Clause, takes precedent. That Minnesota Law is geared towards being detrimental to disabled veterans.

16. The Respondent in his oral presentation raised the issue that Rose, prohibits the court from ordering support beyond the appointment. The County in its responsive written argument cites Rose, 481 U.S. 619 (1987), specifically pointing to the language, "Congress would surely have been more explicit had it intended the Administrator of Veteran Affairs apportionment power to displace a state Court's power to enforce an order of child support" Veteran's benefits are to not only support the veteran, but the veteran's family as well.

17. The issue or whether military benefits can be considered as income for child support purposes in Minnesota, has been addressed by the higher court in Minnesota, in *Sward,* 410 N.S. 2d 442 (Minn.Ct. App. 1987).

18. The Minnesota Court of Appeals also recently revisited the issue, and an unpublished ordered issued in *Cusick v Cusick*, 2020 WL 1242964 (Minn St. App.2020) filed March 16, 2020.

19. Minnesota statutes support that VA benefits are considered income for child support purposes. Minn.Stat section 518A.29(a); Minn.Stat. section 518 A.31.

20. The Petitioner is not employed full time. The Petitioner has the ability to earn $10 per hour based on her employment history / education / job skill. This considers the availability of jobs within the community for an individual with the Petitioner's qualifications.

21. The Respondent's parental income for determining child support (PICS) is $3352.

22. The Respondent's monthly living expenses are unknown.

23. The Petitioner's parental income for determining child support (PICS) is $1732.

24. The Petitioner's monthly living expenses are $700.

25. The combined parental income for determining child support (PICS) is $5084. Pursuant to Minn. Stat. § 518A.35, the combined basic support obligation for one child is $831.This is the parents shared cost to raise their child.

26. Based upon the combined parental incomes for determining child support (PICS), the Respondent's percentage share of the PICS is 66 % and the Petitioner's percentage share of the PICS is 34 %.

27. Pursuant to the Minnesota Child Support Guidelines, the Respondent's basic support obligation is $584 per month, after offsetting the apportionment benefit of $200, child support would be $384 per month.

28. Medical and dental in insurance coverage for the child is as follows:

- The joint child is currently enrolled in health care coverage provided by the Respondent through the VA.

29. There has been a substantial change in circumstances that renders the existing child support order unreasonable and unfair.

Based upon the foregoing Findings of Fact, the Child Support Magistrate makes the following:

## CONCLUSIONS OF LAW

1. All proceedings establishing, modifying, or enforcing child support must be conducted in the expedited child support process if the case is a IV-D case. The application for and receipt of public assistance as defined in Minn. Stat. § 256.741, as well as the application for non-public assistance child support services under title IV-D of the Social Security Act, United States Code, title 42, section 654(4), creates a IV-D case pursuant to Minn. Stat. § 518A.26, subd. 10. The case continues to be a IV-D case until the applicant notifies the public authority in writing that the applicant no longer requests continued IV-D services pursuant to 45 CFR        § 302.33.

2. The Child Support Magistrate has jurisdiction in this matter pursuant to Minn. Stat.    § 484.702, subds. 1 and 3 and Minn. Gen. R. Prac. 353.01.

Based upon the foregoing Findings of Fact and Conclusions of Law, the Child Support Magistrate makes the following:

## ORDER

1. The motion is GRANTED.

### BASIC CHILD SUPPORT

2. Beginning May 1, 2020 and continuing each month thereafter:

   - the Respondent shall pay $384 per month as ongoing basic child support.

### CHILD CARE SUPPORT

   - the Respondent's child care obligation is reserved until further order.

### MEDICAL SUPPORT

   - the Petitioner shall pay $0 per month to the Respondent for the Petitioner's portion of medical support premiums.

3. Health care coverage is ordered as follows:

   - The Respondent shall continue to maintain health care coverage for the joint child, which does not include dental coverage for the joint child.

   - The Respondent shall be liable for 66 % and the Petitioner shall be liable for 34% of the joint child's uninsured medical and/or dental expenses.

   - A party seeking reimbursement for medical and dental expenses must request reimbursement no later than two years from the date the expenses were incurred pursuant to Minn. Stat. § 518A.41, subd. 17(b).

State of Minnes
7/16/2020 9:06 /

## OTHER PROVISIONS

4.  The County shall credit the Respondent's arrears for the 107 months of direct payments of $200 per month by the VA to the Petitioner for the child's apportionment benefit.

5.  All other provisions of the prior order remain in full force and effect.

6.  This order does not modify orders or decrees issued from another state or from other Minnesota counties.

7.  All payments ordered shall be immediately withheld by the Respondent's present and future employer(s) or other payor(s) of funds in accordance with Minn. Stat. § 518A.53.

8.  If support payments are not paid when due, the Respondent's employer(s) or payor(s) of funds shall withhold from the Respondent's income, an additional amount of 20% of the monthly child support until the arrearage is paid in accordance with Minn. Stat. § 518A.53, subd. 10.

9.  Until income withholding takes effect, all payments should be made payable to Minnesota Child Support Payment Center and sent to:

Minnesota Child Support Payment Center
PO Box 64326
St. Paul, MN 55164-0326
or

Payments can be made to CSPC online using www.childsupport.dhs.state.mn.us

10. The attached Appendix A is incorporated and made a part of this order.

11. The parties shall notify the Child Support Office and the Court Administrator's Office within 10 days of any change in their mailing address.

12. A copy of this order shall be served by first class U.S. mail upon the parties at their last known addresses, or upon their attorneys, which shall be due and proper service for all purposes.

IT IS SO ORDERED.

Anderson, Ronelle
Jul 16 2020 9:05 AM
RONELLE ANDERSON
Child Support Magistrate #93315E

State of Minnes
7/16/2020 9:06 .

# Child Support Guidelines Worksheet

Parent A: Ivan
Parent B: Lachaela

IV-D Case Number:
Court File Number:

Number of Joint Children: 1
Date: 7/16/2020

|  |  | Parent A | Parent B | Combined |
|---|---|---|---|---|
| **Income** | 1a. Monthly Income Received | $3152 | $1732 | ---- |
|  | 1b. Child(ren)'s Social Security/Veterans' Benefits Derived From a Parent's Eligibility | $200 | $0 |  |
|  | 1c. Potential Income | $0 | $0 | ---- |
|  | 1d. Spousal Maintenance Orders Obligated to be Paid | $0 | $0 | ---- |
|  | 1e. Child Support Order(s) Obligated to be Paid for Nonjoint Child(ren) | $0 | $0 | ---- |
|  | 1f. Monthly Gross Income (1a+1b+1c-1d-1e) | $3352 | $1732 | ---- |
| **Adjustments** | 2a. Number of Nonjoint Child(ren) in the Home (Maximum number allowed is 2) | 0 | 0 | ---- |
|  | 2b. Deduction for Nonjoint Child(ren) in the Home | $0 | $0 | ---- |
|  | 3. Parental Income for Determining Child Support (PICS) | $3352 | $1732 | $5084 |
|  | 4. Percentage Share of Combined PICS | 66% | 34% | ---- |
|  | 5. Combined Basic Support Obligation | ---- | ---- | $831 |
|  | 6. Pro Rata Basic Support Obligation | $548 | $283 | ---- |
| **Basic Child Support Obligation** | 7. Basic Support Obligation After Parenting Expense Adjustment (if applicable) | $548 |  | ---- |
| **Child Care Obligation** | 8. Child Care Support Obligation for Joint Child(ren) |  |  | ---- |
| **Medical Support Obligation** | 9a. Monthly Cost of Health Care Coverage for Joint Child(ren) | $0 | $0 | ---- |
|  | 9b. Pro Rata Share of Health Care Coverage Costs | $0 | $0 | ---- |
| **Appropriate Coverage Available** | 9c. Contribution to Health Care Coverage |  |  | ---- |
|  | 9d. Monthly Cost of Dental Coverage for Joint Child(ren) | $0 | $0 | ---- |
|  | 9e. Pro Rata Share of Dental Coverage Costs | $0 | $0 | ---- |
|  | 9f. Contribution to Dental Coverage |  |  | ---- |
|  | 9g. Medical Support Obligation-Appropriate Coverage Available |  |  | ---- |
| **No Appropriate Insurance Available** | 10. Medical Support Obligation for Public Coverage |  |  | ---- |
| **Uninsured/Unreimbursed** | 11. Share of Uninsured and/or | 66% | 34% | ---- |

State of Minnes
7/16/2020 9:06

| | | | | |
|---|---|---|---|---|
| Expenses | Unreimbursed Medical Expenses | | | |
| | 12. Net Child Support Obligation | $548 | $0 | ---- |
| Benefits Adjustment | 13. Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility | $200 | | ---- |
| Computing a Final Obligation | 14. Total Child Support Obligation | $348 | $0 | ---- |
| | 15a. Monthly Gross Income | $3352 | $1732 | ---- |
| Ability to Pay Calculation | 15b. Income Available for Support | $2076 | $456 | ---- |
| | 16. Monthly Child Support Obligation - No Adjustment Necessary | $348 | $0 | ---- |
| | 17. Amount of Reduction | $0 | $0 | ---- |
| Child Support Obligation Adjustment | 18. Medical Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 19. Child Care Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 20. Basic Support | | | |
| | Original Obligation | | | ---- |
| | Amount of Reduction | | | ---- |
| | New Obligation | | | ---- |
| | 21. Monthly Child Support Obligation After Adjustment | | | ---- |
| Presumptive Minimum Order/Basic Support Only | 22a. Presumptive Minimum Order for 1 or 2 Joint Children | | | ---- |
| | 22b. Presumptive Minimum Order for 3 or 4 Joint Children | | | ---- |
| | 22c. Presumptive Minimum Order for 5 or More Joint Children | | | ---- |

# Parenting Expense Adjustment Supplement

Parent A: Ivan

Parent B: Lachaela

IV-D Case Number:

Court File Number:

Number of Joint Children: 1

Date: 7/16/2020

| | Parent A | Parent B | Combined |
|---|---|---|---|
| 1. Number of Annual Overnights for joint child(ren) | 0 | 365 | ---- |
| 2. Percentage of Parenting Time | 0% | 100% | ---- |
| 3. Basic Support Obligation | $548 | $283 | $831 |

| | | | |
|---|---|---|---|
| 4a. Percentage of Adjustment for Parenting Time between 10% and 45% | | | |
| 4b. Amount of Adjustment for Parenting Time | | | |
| 4c. Obligation after Parenting Expense Adjustment | | | |
| 5a. Percentage of Parenting Time is at Least 45.1% for Both Parents | | | |
| 5b. Each Parent's Percentage Share of Combined PICS | | | |
| 5c. Each Parent's Pro Rata Basic Child Support Obligation | | | |
| 5d. Obligation After Parenting Expense Adjustment | | | |
| 6a. Obligation after Parenting Expense Adjustment Based on the Number of Annual Overnights | $548 | | ---- |
| 6b. Greater than 55% Parenting Time Adjustment | | | ---- |

## Child Care Support Obligation Supplement

Parent A: Ivan                                          **Number of Joint Children: 1**
Parent B: Lachaela

| | Parent A | Parent B |
|---|---|---|
| 1. PICS | $3352 | $1732 |
| 2a. Monthly Cost of Child Care for Joint Child(ren) | $0 | $0 |
| 2b. Number of Child(ren) Receiving Child Care | | |
| 2c. Cost of Child Care to be Applied to Tax Tables | | |
| 3. Federal Child Care Credit Percentage | | |
| 4. Estimated Monthly Federal Child Care Credit | | |
| 5. Minnesota Child Care Maximum Allowable Credit | | |
| 6. Estimated Monthly Minnesota Child Care Credit | | |
| 7. Total Estimated Tax Credits | | |
| 8. Net Child Care Cost | | |
| 9. Percentage Share of Combined PICS | 66% | 34% |
| 10. Pro Rata Share of Net Child Care Cost | | |
| 11. Child Care Support Obligation if any Joint Child is Covered by Child Care Assistance and Parent A Meets Income Limits for Child Care Assistance | | |

## Child Support Summary

Parent A: Ivan                                          **Number of Joint Children: 1**
Parent B: Lachaela                                     **Date: 7/16/2020**

| | Parent A | Parent B |
|---|---|---|
| Basic Support Obligation Amount | $0 | $0 |
| Child Care Support Obligation Amount | $0 | $0 |
| Medical Support Obligation Amount | $0 | $0 |

State of Minnes
7/16/2020 9:06 /

| Child Support Obligation Total Amount | $348 | $0 |
|---|---|---|
| Share of Uninsured and/or Unreimbursed Medical Expenses | 66% | 34% |

Notes:

    Obligations adjusted based on Joint Child(ren)'s Social Security/Veterans' Benefits Derived from Parent's Eligibility.

*Disclaimer: The child support guidelines worksheet, instructions, and calculator are for information and educational use only and are not a guarantee of the amount of child support that will be ordered. The results obtained are only as accurate as the information used. The actual child support order may be affected by other factors. The Court has the final authority to determine the amount of the child support order. If this worksheet is attached to a court order, it is part of the Court's decision. This worksheet may or may not show the amount the Court decided to order. If the amount in the order is different, that is the amount to be paid.*

Calculated by the Minnesota Child Support Guidelines Calculator on 7/16/2020 at 8:29 AM

State of Minnes
7/16/2020 9:06 ﾑ

## APPENDIX A

**NOTICE IS HEREBY GIVEN TO THE PARTIES:**

    **I. PAYMENTS TO PUBLIC AGENCY.** According to Minnesota Statutes, section 518A.50, payments ordered for maintenance and support must be paid to the Minnesota child support payment center as long as the person entitled to receive the payments is receiving or has applied for public assistance or has applied for support and maintenance collection services. Parents mail payments to: P.O. Box 64326, St. Paul, MN 55164-0326. Employers mail payments to: P.O. Box 64306, St. Paul, MN 55164.

    **II. DEPRIVING ANOTHER OF CUSTODIAL OR PARENTAL RIGHTS -- A FELONY.** A person may be charged with a felony who conceals a minor child or takes, obtains, retains, or fails to return a minor child from or to the child's parent (or person with custodial or parenting time rights), according to Minnesota Statutes, section 609.26. A copy of that section is available from any court administrator.

    **III. NONSUPPORT OF A SPOUSE OR CHILD – CRIMINAL PENALTIES.** A person who fails to pay court-ordered child support or maintenance may be charged with a crime, which may include misdemeanor, gross misdemeanor, or felony charges, according to Minnesota Statutes, section 609.375. A copy of that section is available from any district court clerk.

    **IV. RULES OF SUPPORT, MAINTENANCE, PARENTING TIME.**

A.    Payment of support or spousal maintenance is to be as ordered, and the giving of gifts or making purchases of food, clothing, and the like will not fulfill the obligation.

B.    Payment of support must be made as it becomes due, and failure to secure or denial of parenting time is NOT an excuse for nonpayment, but the aggrieved party must seek relief through a proper motion filed with the court.

C.    Nonpayment of support is not grounds to deny parenting time. The party entitled to receive support may apply for support and collection services, file a contempt motion, or obtain a judgment as provided in Minnesota Statutes, section 548.091.

D.    The payment of support or spousal maintenance takes priority over payment of debts and other obligations.

E.    A party who accepts additional obligations of support does so with the full knowledge of the party's prior obligation under this proceeding.

F.    Child support or maintenance is based on annual income, and it is the responsibility of a person with seasonal employment to budget income so that payments are made throughout the year as ordered.

G.    A *Parental Guide to Making Child-Focused Parenting-Time Decisions* is available from any court administrator.

H.    The nonpayment of support may be enforced through the denial of student grants; interception of state and federal tax refunds; suspension of driver's, recreational, and occupational licenses; referral to the department of revenue or private collection agencies; seizure of assets, including bank accounts and other assets held by financial institutions; reporting to credit bureaus; interest charging, income withholding, and contempt proceedings; and other enforcement methods allowed by law.

I.    The public authority may suspend or resume collection of the amount allocated for child care expenses if the conditions of Minnesota Statutes, section 518A.40, subdivision 4, are met.

J.    The public authority may remove or resume a medical support offset if the conditions of section 518A.41, subdivision 16, are met.

K.    The public authority may suspend or resume interest charging on child support judgments if the conditions of section 548.091, subdivision 1a, are met.

    **V. MODIFYING CHILD SUPPORT.** If either the obligor or obligee is laid off from employment or receives a pay reduction, child support may be modified, increased, or decreased. Any modification will only take effect when it is ordered by the court, and will only relate back to the time that a motion is filed. Either the obligor or obligee may file a motion to modify child support, and may request the public agency for help. UNTIL A MOTION IS FILED, THE CHILD SUPPORT OBLIGATION WILL CONTINUE AT THE CURRENT LEVEL. THE COURT IS NOT PERMITTED TO REDUCE SUPPORT RETROACTIVELY.

State of Minnes
7/16/2020 9:06 ,

**VI.   PARENTAL RIGHTS FROM MINNESOTA STATUTES, SECTION 518.17, SUBDIVISION 3.**
UNLESS OTHERWISE PROVIDED BY THE COURT:

A.   Each party has the right of access to, and to receive copies of, school, medical, dental, religious training, police reports, and other important records and information about the minor children.  Each party has the right of access to information regarding health or dental insurance available to the minor children.  Presentation of a copy of this order to the custodian of a record or other information about the minor children constitutes sufficient authorization for the release of the record or information to the requesting party.

B.   Each party has the right to be informed by the other party as to the name and address of the school of attendance of the minor children.  Each party has the right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent teacher conferences.  The school is not required to hold a separate conference for each party.

C.   Each party has the right to be notified by the other party of an accident or serious illness of a minor child, including the name of the health care provider and the place of treatment.

D.   Each party has the right to be notified by the other party if the minor child is the victim of an alleged crime, including the name of the investigating law enforcement officer or agency.  There is no duty to notify if the party to be notified is the alleged perpetrator.

E.   Each party has the right of reasonable access and telephone contact with the minor children.

**VII.  WAGE AND INCOME DEDUCTION OF SUPPORT AND MAINTENANCE.**  Child support and / or spousal maintenance may be withheld from income, with or without notice to the person obligated to pay, when the conditions of Minnesota Statutes, section 518A.53, have been met.  A copy of that section is available from any court administrator.

**VIII.  CHANGE OF ADDRESS OR RESIDENCE.**  Unless otherwise ordered, each party shall notify the other party, the court, and the public authority responsible for collection, if applicable, of the following information within ten days of any change: residential and mailing address, telephone number, driver's license number, social security number, and name, address, and telephone number of the employer.

**IX.  COST OF LIVING INCREASE OF SUPPORT AND MAINTENANCE.**  Basic support and / or spousal maintenance may be adjusted every two years based upon a change in the cost of living (using the U.S. Department of Labor, Bureau of Labor Statistics, consumer price index Mpls. St. Paul, for all urban consumers (CPI-U), unless otherwise specified in this order) when the conditions of Minnesota Statutes, section 518A.75, are met.  Cost of living increases are compounded.  A copy of Minnesota Statutes, section 518A.75, and forms necessary to request or contest a cost of living increase are available from any court administrator.

**X.   JUDGMENTS FOR UNPAID SUPPORT; INTEREST.**  According to Minnesota Statutes, section 548.091:

A.   If a person fails to make a child support payment, the payment owed becomes a judgment against the person responsible to make the payment by operation of law on or after the date the payment is due, and the person entitled to receive the payment or the public agency may obtain entry and docketing of the judgment **without notice** to the person responsible to make the payment.

B.   Interest begins accruing on a payment or installment of child support whenever the unpaid amount due is greater than the current support due.

**XI.  JUDGMENTS FOR UNPAID MAINTENANCE.**  A judgment for unpaid spousal maintenance may be entered and docketed when the conditions of Minnesota Statutes, section 548.091, are met.  A copy of that section is available from any court administrator.

**XII.  ATTORNEY FEES AND COLLECTION COSTS FOR ENFORCEMENT OF CHILD SUPPORT.**  A judgment for attorney fees and other collection costs incurred in enforcing a child support order will be entered against the person responsible to pay support when the conditions of Minnesota Statutes, section 518A.735, are met.  A copy of that section and forms necessary to request or contest these attorney fees and collection costs are available from any court administrator.

**XIII.  PARENTING TIME EXPEDITOR PROCESS.**  On request of either party or on its own motion, the court may appoint a parenting time expeditor to resolve parenting time disputes under Minnesota Statutes, section 518.1751.  A copy of that section and a description of the expeditor process is available from any court administrator.

State of Minnes
7/16/2020 9:06

   **XIV.  PARENTING TIME REMEDIES AND PENALTIES.**  Remedies and penalties for wrongful denial of parenting time are available under Minnesota Statutes, section 518.175, subdivision 6.   These include compensatory parenting time; civil penalties; bond requirements; contempt; and reversal of custody.  A copy of that subdivision and forms for requesting relief are available from any court administrator.

**In addition to the Notices on pages 1 and 2, the following NOTICE applies to all orders addressing custody pursuant to Minn. Stat. § 518.17, subd. 3a.**

**NOTICE**

**EACH PARTY IS GRANTED THE FOLLOWING RIGHTS:**
1.  Right of access to, and to receive copies of, school, medical, dental, religious training, police reports, and other important records and information about the minor children.
2.  Right of access to information regarding health or dental insurance available to the minor children.
3.  Right to be informed by the other party as to the name and address of the school of attendance of the minor children.
4.  Right to be informed by school officials about the children's welfare, educational progress and status, and to attend school and parent-teacher conferences.  The school is not required to hold a separate conference for each party, unless attending the same conference would result in violation of a court order prohibiting contact with a party.
5.  Right to be notified by the other party of an accident or serious illness of a minor child, including the name of the health care provider and the place of treatment.
6.  Right to be notified by the other party if the minor child is the victim of an alleged crime, including the name of the investigating law enforcement officer or agency.  There is no duty to notify if the party to be notified is the alleged perpetrator.
7.  Right to reasonable access and telephone or other electronic contact with the minor children.





**DEPARTMENT OF VETERANS AFFAIRS**
**Debt Management Center**
Bishop Henry Whipple Federal Building
P.O. Box 11930
St. Paul, MN 55111-0930

OCTOBER 2, 2012

IVAN BROWN
6997 CHESWICK DR
RIVERDALE GA   30296

| | |
|---|---|
| File Number: | 573511960 |
| Payee Number: | 00 |
| Person Entitled: | I BROW |
| Deduction Code: | 30 |
| E-Mail Address: | dmc.ops@va.gov |

You should have recently received notice that your Compensation and Pension benefits were adjusted. As a result, the amount of your existing debt has increased by $   3,600.00.  The balance of your debt is now $   33,575.54

If we are withholding all or part of your monthly VA benefit payment or offsetting your Federal pay or retirement annuity to apply toward this debt, we will continue to do so until the new balance is collected. If you are currently making payments on this debt, continue making those payments as agreed.   We will contact you if the amount of your monthly payment needs to be adjusted due to the increase in your balance.   Any payments being made to a U.S. Attorney or VA Regional Counsel should continue unless you receive other instructions from those offices.

If you are not making payments on your debt and you wish to pay the balance in full, you may do so by sending us a check or money order made payable to the "U.S. Department of Veterans Affairs".   All payments should be mailed to P.O. Box 11930 at the address printed at the top of this letter.   Please include the bottom portion of this letter with your payment.   For your convenience, we accept credit card payments and Western Union "Quick Collect".   If you cannot pay the balance in full, you may call us toll free, 1-800-827-0648, to discuss payment options or other issues regarding your account.

Under certain circumstances, we can grant a request to waive part or all of the increased portion of the debt.   This means that you would not be required to pay the amount waived.   You may call us on the toll-free number mentioned above to determine if you are eligible for waiver consideration for the increased amount.   If you are eligible, your request for waiver must be filed within 180 days from the date of this letter.

To help us provide courteous responses and accurate information, supervisory personnel occasionally monitor telephone calls.   The person monitoring keeps no record of your call.

Chief, Operations Division

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*FOR PROPER CREDIT TO YOUR ACCOUNT, PLEASE DETACH AND RETURN WITH YOUR PAYMENT*

| **VA** Department of Veterans Affairs | 2012276 | PAYMENT REMITTANCE |
|---|---|---|

573511960003009270218152327 573511960 0030 09270218152327 0100000 2

| | | AMOUNT ENCLOSED | ENTER YOUR CURRENT ADDRESS BELOW ONLY IF THE ONE ABOVE IS INCORRECT. PLEASE INCLUDE YOUR ZIP CODE. |
|---|---|---|---|
| **\* FILE NO.** ▶ | 573511960 | | |
| **PAYEE NO.** ▶ | 00 | $ | |
| **PERSON ENTITLED** ▶ | I BROW | YOUR TELEPHONE NO. (Include Area Code) | |
| **DEDUCTION CODE** ▶ | 30 | | |
| **\* Please include this number on your check or money order.** | | | |

FL 4-552a, SEP 2007

OFFICE OF THE RAMSEY COUNTY ATTORNEY

John J. Choi, County Attorney

121 Seventh Place East, Suite 4500 • St. Paul, Minnesota 55101-5001
Telephone (651) 266-3344 • Fax (651) 266-3300

**Human Services Division – Child Support Enforcement Section**

Ivan Brown
131 Dogwood Ln
WOODBURY, GA 30293-2952

November 26, 2019

$751.20

Re:    Lachaela Brown and Ivan Brown
         Court File No. 62-FA-10-284
         IV-D No. 0014695466-01

## NOTICE OF FAILURE TO PAY CHILD SUPPORT
### Please contact the child support office as soon as possible

Dear Ivan Brown,

This letter gives you the opportunity to explain why you have not been paying your monthly court ordered child support obligation. Your current child support obligation for your child Navi Brown is $751.20 per month and your current arrears balance is $88,985.48.  You have not made a payment 12/27/16.

Please immediately send payments to:

Minnesota Child Support Payment Center
P. O. Box 64326
St. Paul, MN  55164

If you continue to not pay child support, the County or Court may take the following actions:
- Driver's/Recreational/Occupational License Suspension
- Property Liens
- State/Federal Tax Intercepts
- Passport Denial
- Student Grant Holds
- Credit Bureau Reporting
- Civil Contempt Charges or Criminal Non-Support Charges

I have enclosed form called *"Questionnaire for Obligor"* for you to complete and return in the envelope provided.  Please answer the questions as completely as possible.  The information will be used to help us decide how to proceed with your child support case.  You can also call me at 651-266-3352 to explain your situation or if you need help filling out the questionnaire form.  My office can review your current situation to see if your case qualifies for a modification of support.

Sincerely,

Scott Orrey
Support Enforcement Agent
651-266-3352

Amount was suppose $to be 655.00

90 Day

IN THE SUPERIOR COURT OF CLAYTON COUNTY
STATE OF GEORGIA

RECEIVED AND FILED

Lachaela Myret Brown
    PETITIONER  }  Civil Action File
vs.           2012CS01628-6
    RESPONDENT }
Ivan Brown

JAN 2 3 2013

JACQULINE D. WILLS
Clerk Superior Court
Clayton County, Georgia

ORDER AND JUDGMENT

    This matter came on for review _January 23_, 2013 in the above matter as previously ordered to determine the Respondent's compliance with the *prior Order previously* entered herein.  Upon the application of counsel for Petitioner, the Court determines that no hearing is required at this time and enters the following Order and Judgment:

1. The Court finds that:

    _____ Respondent has a pending disability claim

    _____ Case has been closed due to non-cooperation of the custodial parent/initiating jurisdiction

    _____ Case is being removed from Calendar at this time for respondent locate and subsequent judicial and/or administrative enforcement actions.

    __X__ Other: _Case closed by initiating jurisdiction_

and accordingly, no hearing is required at this time.  However, Respondent remains under the previous order entered herein, pursuant to O.C.G.A. 19-11-124 (8), to provide written notice to counsel for Petitioner (whose name and address appear below) of any changes in the Respondent residential address or employment within ten (10) days of each such change.  This duty of notification shall continue without further order for so long as the support obligation in this matter continues, or any support accruing remains unpaid, whichever is longer.

    So Ordered, Adjudged and Decreed this _23_ day of _January_, 20_13_.

DEBORAH C. BENEFIELD, JUDGE
Clayton Judicial Circuit

Prepared by: Division of Child Support Services
By: H. B. Watts
Assistant District Attorney
Email: JonesboroCSE@dhr.state.ga.us
H. R. Banke Justice Center, 3rd Floor
9151 Tara Blvd., Jonesboro GA 30236
Tel. No.: 1-877-423-4746  Fax: 770-477-4560
Ga. State Bar No: 741980

REL-02.CX        DCSS Case No.: _360023312_        revised 01/13